UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| In re ) | |
| ) | |
| EDNA IVELISSE IRIZARRY, ) | Case No.  6:10-bk-18876-KSJ |
| ) | Chapter 7 |
| Debtor[s]. ) | |
| ) | |
| RAFAEL A. DIAZ-NIEVES, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Adv. Proc.6:11-ap-213-KSJ |
| ) | |
| EDNA IVELISSE IRIZARRY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

MEMORANDUM OPINION DENYING MOTION TO REOPEN
CHAPTER 7 CASE AND DISMISSING ADVERSARY PROCEEDING

Plaintiff, Rafael Diaz-Nieves, is the former husband of the debtor. He wants to reopen his ex-wife's bankruptcy case to revoke her discharge and to pursue collection of an alleged debt she owes him.  Because he failed to timely exercise his right to object to the debtor's discharge or the dischargeability of any claim he may hold, and because he has failed to identify any assets the Chapter 7 trustee could administer, the Court finds no cause to reopen the case and dismisses the related adversary proceeding.[1]

Debtor/defendant filed this Chapter 7 bankruptcy case on October 22, 2010, almost two years after plaintiff and debtor separated in November 2008, but before their divorce became final on May 20, 2011.[2]  In her bankruptcy schedules, debtor listed all known assets, including

---

[1] This case came on for hearing on November 29, 2011, to consider plaintiff's motion to reopen defendant's Chapter 7 bankruptcy case (Doc. No. 16 in Main Case 6:10-bk-18876-KSJ; Doc. No. 1 in Adversary Proceeding 6:11-ap-213-KSJ) and defendant's motion to dismiss this adversary proceeding for failure to state a claim (Doc. No. 8 in 6:11-ap-213-KSJ).  Because the relief sought in the motion to reopen and the adversary complaint are virtually identical, all references to the relief sought shall be to plaintiff's motion to reopen filed in the Main Case unless otherwise noted.

[2] Final Dissolution of Marriage, Doc. No. 1 Exhibit S.

two tracts of land in Crossville, Tennessee, with total values of $3,000 and $10,000, respectively, a home valued at $75,000 (the "Residence") and secured by debt of $135,200, and minimal personal property totaling $1,750.[3] At the time debtor filed the case, the Residence was in the process of foreclosure, and debtor stated she intended to surrender the property to the lender.[4] Debtor also listed several unsecured claims, including a $300,000,000 claim allegedly due to her former husband that is based on a civil lawsuit filed in, but later dismissed by, the U.S. District Court.[5] Mr. Diaz-Nieves was included as a creditor in this case, received notices from the Court, and was advised of the deadline in Federal Rule of Bankruptcy Procedure 4004 that requires a party to object to debtor's discharge or to the dischargeability of any debt owed to him within 60 days of the first notice of the meeting of creditors.[6]

The Chapter 7 trustee, Arvind Mahendru, conducted the meeting of creditors on December 7, 2010. Following this meeting, the trustee concluded that no assets existed for distribution to creditors and no other avoidance causes of action against the debtor were justified. Apparently, debtor has very limited income. The Court approved the trustee's report of no distribution,[7] and debtor received a discharge on February 14, 2011.[8]

Five months later on August 4, 2011, well beyond the deadline to object to debtor's discharge, Mr. Diaz-Nieves filed a motion to reopen this case and an adversary proceeding seeking a revocation of his former wife's Chapter 7 discharge based on various allegations of fraud, breach of fiduciary duty, misappropriation, and common law tort.[9] Debtor/defendant

---

[3] Doc. No. 1.
[4] Debtor claims none of the real property as exempt in Schedule C.
[5] Case No. 6:10-cv-926-Orl-31-KRS. This action was dismissed on October 28, 2010.
[6] According to Federal Rule of Bankruptcy Procedure 4004, in a Chapter 7 case, a complaint objecting to a debtor's discharge must be filed no later than 60 days after the first date set for the meeting of creditors. Fed. R. Bank. P. 4004. On October 24, 2010, Mr. Diaz-Nieves was provided notice that the meeting of creditors would be held on December 7, 2010, and the deadline to object to debtor's discharge or the dischargeability of certain debts was February 7, 2011.
[7] Doc. No. 12 in Main Case 6:10-bk-18876-KSJ.
[8] Doc. No. 11 in Main Case 6:10-bk-18876-KSJ.
[9] Plaintiff's Motion to Reopen at Doc. No. 16.

responded to plaintiff's Complaint and motion to reopen by filing a motion to dismiss this adversary proceeding for failure to state a claim on which relief can be granted pursuant to Rule 8(a) of the Federal Rues of Civil Procedure and Rule 7008 of the Federal Rules of Bankruptcy Procedure.[10]

A motion to reopen is governed by § 350(b) and Federal Rule of Bankruptcy Procedure 5010. "A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, *or for other cause*."[11] A bankruptcy court may reopen a case for a variety of reasons upon the request of the debtor, trustee, or any party in interest.[12] A creditor is a party in interest permitted to seek the reopening of a debtor's case if the creditor would benefit by the trustee's administration of previously unadministered assets.[13] The decision to reopen should be made on a case-by-case basis based on the particular circumstances and equities of a case, and should be left to the sole discretion of bankruptcy court.[14] The moving party bears the burden of demonstrating sufficient cause to reopen.[15] "If reopening [a] closed case would serve no purpose, it is pointless to reopen the case and the motion should be denied."[16]

Mr. Diaz-Nieves first argues he has shown cause to reopen the case because he should be able to pursue the relief requested in the related adversary proceeding seeking revocation of debtor's discharge. Defendant contends the Court should dismiss the adversary proceeding for failing to state a claim. In considering a defendant's motion to dismiss, the Court must accept a plaintiff's allegations in a complaint as true and construe them in the light most favorable to the plaintiff.[17] The Court should not dismiss plaintiff's case for failure to state a claim unless it

---

[10] Doc. No. 8. The Court took all these matters under advisement on January 20, 2012. Doc. No. 24.
[11] 11 U.S.C. § 350(b) (emphasis added). All references to the Bankruptcy Code refer to 11 U.S.C. § 101 *et seq.*
[12] *In re Premier Benefit Capital Trust,* 2006 WL 2385255 at *1 (Bankr. M.D. Fla. 2006).
[13] *Miller v. Shallowford Community Hosp., Inc.,* 767 F.2d 1556, 1559 at n.4 (11th Cir. 1985).
[14] *Id* (citing *In re Upshur*, 317 B.R. 446, 450 (Bankr. N.D. Ga. 2004); *In re Rochester,* 308 B.R. 596, 600 (Bankr. N.D. Ga. 2004); *In re Daniel,* 205 B.R. 346, 348 (Bankr. N.D. Ga.1997)); *In re Garrett,* 266 B.R. 910, 912–913 (Bankr. S.D. Ga. 2001); *In re Mohorne,* 404 B.R. 571, 576 (Bankr. S.D. Fla. 2009)).
[15] *Id* (citing *In re Winburn,* 196 B.R. 894, 897 (Bankr. N.D. Fla. 1996)).
[16] *Id* (citing *In re Hunter,* 283 B.R. 353, 356 (Bankr. M.D. Fla. 2002)).
[17] *Roberts v. Fla. Power & Light Co.,* 146 F.3d 1305, 1307 (11th Cir. 1998).

appears beyond a doubt that plaintiff can prove no facts which would entitle him to relief.[18] "The threshold of sufficiency that a complaint must meet to survive a motion to dismiss for failure to state a claim is . . . exceedingly low."[19] However, at a minimum, plaintiff must provide either direct or inferential allegations with respect to *each* material element necessary to sustain a recovery under some viable legal theory.[20]

In his Complaint, Mr. Diaz-Nieves claims debtor's discharge should be revoked because:

- Defendant misappropriated plaintiff's disability income to buy property in Tennessee without plaintiff's approval or consent while defendant was acting as plaintiff's guardian and fiduciary.

- Defendant sold marital assets of a mini log cabin and a Ford truck pre-petition and without plaintiff's consent.

- Defendant is allowing the foreclosure of the Residence without plaintiff's consent.

- Defendant is intentionally preventing plaintiff from occupying or owning the Residence.

- Defendant knowingly and fraudulently made false oaths, falsified reports, and failed to report accurate statements of financial affairs to the Court in order to defraud the Court and financially harm plaintiff.

- Defendant mentally and physically abused plaintiff.

Mr. Diaz-Nieves' allegations in his Complaint cite no legal authority, but appear to seek revocation of his ex-wife's discharge under § 727(d)(1). Section 727(d)(1) requires a court to revoke a debtor's discharge if "(1) the debtor obtained the discharge through fraud; (2) the creditor possessed no knowledge of the debtor's fraud prior to the granting of the discharge; and (3) the fraud, if known, would have resulted in the denial of the discharge under 11 U.S.C. §

---

[18] *Financial Security Assur. Inc. v. Stephens, Inc.*, 450 F.3d 1257, 1262 (11th Cir. 2006) (citing *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)).
[19] *Id* (citing *Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985)).
[20] *Financial Security,* 450 F.3d at 1262 (citing *Roe v. Aware Woman Ctr. for Choice, Inc*., 253 F.3d 678, 683 (11th Cir. 2001)).

727(a)."[21] Revocation under this section requires "both the existence of fraud in procuring the discharge *and* proof that the party requesting the revocation of the discharge did not know of such fraud until after the granting of the discharge."[22] The party seeking revocation of a discharge bears the burden of proving the conditions of § 727(d) have been met by a preponderance of the evidence.[23]

Mr. Diaz-Nieves has failed to meet this burden. The trustee has found no evidence of fraud, and absent bald allegations, Mr. Diaz-Nieves has not provided any evidence to support his claims that debtor defrauded the Court in procuring her discharge. Furthermore, Mr. Diaz-Nieves cannot claim that he did not know of any alleged fraud until after debtor's discharge because he repeatedly complained to the Court and the trustee, prior to the discharge, that debtor was attempting to defraud the Court.[24]

Mr. Diaz-Nieves also has failed to demonstrate any other cause that would justify reopening debtor's bankruptcy case. Plaintiff is incorrect that foreclosure of the Residence, once the shared home of both plaintiff and defendant, will result in a sale of marital assets without his permission. Plaintiff and defendant's divorce decree divided ownership of the property into tenancies in common, and plaintiff and defendant are entitled to relinquish their individual interests in the Residence as each sees fit.

In Florida, a property conveyed to husband and wife is presumed to be conveyed as a tenancy by the entirety, where neither spouse can sell, forfeit, lease, or encumber any part of the estate without the consent of the other.[25] Thus, in bankruptcy, "when only one spouse files

---

[21] *In re Matos*, 267 Fed. Appx. 884, 887 (11th Cir. 2008).
[22] *In re Putnam*, 85 B.R. 881, 883 (Bankr. M.D. Fla. 1988) (Emphasis added).
[23] *See Grogan v. Garner,* 498 U.S. 279, 289, 111 S. Ct. 654, 112 L.Ed.2d 755 (1991).
[24] See Adversary Proceeding 6:11-ap-213-KSJ, Doc. No. 1, Exhibit N (Letter to the Chapter 7 trustee, Mr. Mahendru, from Mr. Diaz-Nieves, dated November 12, 2010, in which Mr. Diaz-Nieves alleges debtor is defrauding the Court), and Doc. No. 1, ¶¶ 38-39 (in which Mr. Diaz-Nieves admits to attending the meeting of creditors to try and stop defendant from using the bankruptcy proceeding to perpetrate fraud).
[25] Fla. Stat. § 689.15 (2008). See *In re Hinton*, 378 B.R. 371, 376 (Bankr. M.D. Fla. 2007); *Murray v. Sullivan*, 376 So.2d 886 (Fla. App. 1st Dist. 1979).

bankruptcy, property owned as tenancy by the entirety with the non-filing spouse does not become property of the estate available to satisfy creditors unless there are creditors of both spouses jointly."[26] Where only one spouse incurs debts or where spouses incur debts separately, ownership of property held as tenants by the entirety prevents creditors from reaching the debtor's assets.[27]

A divorce severs the ownership of property held as tenants by the entirety and creates a tenancy in common.[28] Each tenant in common then holds an undivided one-half interest in the property.[29] Plaintiff and defendant, now sharing ownership of the Residence as tenants in common by virtue of their divorce, are each entitled to dispose of their undivided one-half interests without the consent of the other.[30] Defendant chose not to assist plaintiff in making the loan payments and instead surrendered her ownership interest to the lender, BAC Home Loans. Plaintiff could have prevented the foreclosure by making the loan payments for his interest in the Residence, but he either could not or did not make the required payments, and BAC Home Loans initiated foreclosure proceedings. Mr. Diaz-Nieves is not a debtor in bankruptcy; therefore the "protective provision of the automatic stay does not apply" to halt the state court foreclosure proceeding.[31]

The Court rejects Mr. Diaz-Nieves' next argument that he should be able to reopen his ex-wife's bankruptcy because he should have been included as a joint debtor. Nothing in the Code requires married individuals to file jointly.[32] Section 302(a) allows a joint bankruptcy to be commenced only when an individual files a case with his or her spouse.[33] Furthermore, allowing

---

[26] *In re Willoughby*, 212 B.R. 1011, 1016 (Bankr. M.D. Fla. 1997).
[27] *In re Hinton*, 378 B.R. 371, 377 (Bankr. M.D. Fla. 2007).
[28] Fla. Stat. § 689.15 (2008).
[29] *In re Willoughby*, 212 B.R. at 1015.
[30] *Davis v. Hinson*, 67 So.3d 1107, 1111-12 (Fla. App. 1st Dist. 2011).
[31] *In re Hillsborough Holdings, Corp.,* 123 B.R. 1004, 1017 (Bankr. M.D. Fla. 1990).
[32] *See In re Mathews,* 307 Fed3rd. 266, 268 (11th Cir. 2009) (discussing property law implications when only one spouse has filed a bankruptcy petition).
[33] 11 U.S.C. § 302(a).

a spouse to join a petition after the other spouse has filed may adversely affect the rights of creditors.[34]

In this case, defendant filed an individual Chapter 7 case without listing Mr. Diaz-Nieves, then her husband, as a joint debtor. Mr. Diaz-Nieves could have filed his own bankruptcy and sought joint administration under Federal Rule of Bankruptcy Procedure 1015(b), but he did not do so. He therefore has no basis for objecting to his ex-wife's discharge on this ground.

Finally, Mr. Diaz-Nieves seeks to reopen his ex-wife's bankruptcy because he claims she has additional assets that the trustee can administer. All Chapter 7 trustees, including Mr. Mahendru, have a duty to collect money and property for the estate, monitor the debtor to ensure compliance with the requirements of the Code, investigate the financial affairs of the debtor, administer property of the estate, and, if necessary, oppose the debtor's discharge.[35] In his review and administration of the case, the trustee concluded there were no significant assets to distribute to creditors, and there were "no other potential causes of action or potential assets to recover for the estate."[36] The trustee reaffirmed his findings even after plaintiff filed this adversary proceeding, and even after plaintiff offered testimony describing potential assets not already administered.[37] The trustee rejected plaintiff's claims that defendant is hiding assets and defrauding the Bankruptcy Court, instead concluding the insignificant values of the assets known to the Court do not justify the costs of litigation to recover them for the estate.[38]

For these reasons, the Court finds plaintiff makes no claim for relief that would justify reopening defendant's case. The Chapter 7 trustee has completed his administration of the estate without objecting to defendant's discharge or finding any instances of fraud. Defendant received

---

[34] *In re Johnson*, Case No. 6:11-bk-04348-ABB (citing *In re Woodell*, 96 B.R. 614, 615 (Bankr. E.D. Va. 1988)).
[35] 11 U.S.C. § 704(a).
[36] Doc. No. 29.
[37] Doc No. 29 (stating "[t]o my knowledge there are no other potential causes of action or potential assets to recover for the estate.").
[38] 11 U.S.C. § 554 allows a trustee to abandon assets that are burdensome to administer or are of inconsequential value to the estate.

a discharge. Mr. Diaz-Nieves did not timely object to the discharge or dischargeability of any possible debt due to him, although he clearly was aware of and participated in the bankruptcy case. At most, Mr. Diaz-Nieves has an unsecured claim that is now discharged. His former wife owes him no more monies, and Mr. Diaz-Nieves can take no further action to pursue any civil claims against her in this or any other court. As a matter of law, this Court cannot find any reason or "cause" as required by 11 U.S.C. §350(b) to reopen the case. The Court will deny plaintiff's motion to reopen this case, and grant defendant's motion to dismiss this adversary proceeding. A separate order consistent with this Memorandum Opinion shall be entered.

DONE AND ORDERED in Orlando, Florida, on February 17, 2012.

KAREN S. JENNEMANN
Chief United States Bankruptcy Judge

Copies provided to:

*Pro se* plaintiff:  Rafael A. Diaz-Nieves, 919 Cumbran Lane, Kissimmee, FL  34758

Defendant:  Defendant:  Edna Ivelisse Irizarry, 198 Eastside Lane, Osteen, FL  32764

Counsel for Defendant:  Desiree Sanchez, 605 E. Robinson Street, Suite 650, Orlando, FL 32801